## SETTLEMENT AGREEMENT BETWEEN
## TIDEWATER STAFFING, INC. AND TSI PLAINTIFFS

This Agreement is made and entered into this 14th day of March, 2011, between TSI Named Plaintiffs James D. Reeves, Anthony L. Briggs, Love N. Dexter, Andre Jerome Hoggard, Allen L. Dudley, Jeremy J. Triplett, Gregory A. Wright, Marquel J. Winbourne, Henry M. Boone, Joshua E. King, Leon Hayes, Jr., as Administrator for Leon Hayes, III, Darae E. Council, Troy J. Stephens, Azaza M. Hudson, Antwone M. Wright, Moises M. Esquilin, and Cedric W. Morse, individually and in their representative capacity on behalf of the TSI Plaintiffs, and defendant Tidewater Staffing, Inc.

WHEREAS, Named Plaintiffs, Tony L. Epps and James D. Reeves, filed a collective action pending in the United States District Court for the Eastern District of Virginia, Norfolk Division, Civil Action No. 2:10cv189, on behalf of a certain group of current and former employees of Defendants Arise Scaffolding & Equipment Co., Inc., and Tidewater Staffing, Inc. alleging that during their employment with Defendants, they worked certain hours for which they were not properly compensated under the Fair Labor Standards Act and under state law (hereinafter the "Litigation");

WHEREAS, the TSI Named Plaintiffs, James D. Reeves, Anthony L. Briggs, Love N. Dexter, Andre Jerome Hoggard, Allen L. Dudley, Jeremy J. Triplett, Gregory A. Wright, Marquel J. Winbourne, Henry M. Boone, Joshua E. King, Leon Hayes, Jr., as Administrator for Leon Hayes, III, Darae E. Council, Troy J. Stephens, Azaza M. Hudson, Antwone M. Wright, Moises M. Esquilin, and Cedric W. Morse, individually and as representatives of the TSI Opt-In Plaintiffs, and Defendant TSI have agreed to a partial settlement of the Litigation; and

WHEREAS, the following TSI Opt-in Plaintiffs also worked for TSI during the last three years prior to the filing of the lawsuit, Steven M. Atkins, Robert H. Biggs, Kenneth M. Bond, Christopher J. Boone, Claude Q. Brooks, Jr., Brandon T. Brown, Julian R. Brown, James P. Byrd, Stephen A. Cashwell, Jacob C. Chandler, Michael A. Dalessandro, Jeffrey E. Dancy, Robert O. Dent, Dwayntavius T. Eason, Michael Edwards, Troy D. Eley, Joseph R. Fields, Louis Freeman, Stephen F. Friedel, Antoine R. Highsmith, Calvin S. Hogan, Ricky L. Holloman, Naeem K. Hudson, Jason I. Jackson, Dedric R. Johnson, Stanlee S. Jones, Jeremy L. Kidd, Avery M. Lawton, Bryan Lundberg, Keddrick F. McIntosh, Shawn K. Mills, Michael C. Morris, Christopher W. Mulhall, Lue D. Paige, Timothy M. Palmer, Jamal T. Perdue, Leander Perry, Nathan J. Pope, Terry A. Reed, Jose D. G. Rodriguez, Anthony R. Roulhac, Sr., Gary B. Satterfield, Ar-Rashid Shabazz, Cody J. Sykes, James M. Timmons, Travis Tucker, Jeremiah A. Valentine, Charles A. Watson, Jr., Brandon L. Williams, Deangelo D. Wright, and Kente D. Wright;

NOW, THEREFORE, the Litigation shall be settled in part and certain claims of all TSI Named Plaintiffs and TSI Opt-in Plaintiffs against TSI shall be dismissed with prejudice, subject to the approval of the Court, upon the terms and conditions set forth herein.

### I.    <u>DEFINITIONS</u>

**A.**    "Settlement" or "Agreement" means this Settlement Agreement.

**B.**    "Named Plaintiffs" means Tony L. Epps, James D. Reeves, Jermaine A. Williams, Anthony L. Briggs, Michael L. Taylor, Love N. Dexter, Charles E. Barrett, Jr., Andre Jerome Hoggard, Allen L. Dudley, Jeremy J. Triplett, Ramont A. Street, Gregory

A. Wright, Michael C. Jones, Marquel J. Winbourne, Henry M. Boone, Joshua E. King,

Leon Hayes, Jr., as Administrator for Leon Hayes, III, Joseph H. Biggs, Darae E.

Council, Troy J. Stephens, Azaza M. Hudson, Antwone M. Wright, Brian K. Jones,

Moises M. Esquilin, and Cedric W. Morse.

      **C.**      "TSI Named Plaintiffs" means James D. Reeves, Anthony L. Briggs, Love

N. Dexter, Andre Jerome Hoggard, Allen L. Dudley, Jeremy J. Triplett, Gregory A.

Wright, Marquel J. Winbourne, Henry M. Boone, Joshua E. King, Leon Hayes, Jr., as

Administrator for Leon Hayes, III, Darae E. Council, Troy J. Stephens, Azaza M.

Hudson, Antwone M. Wright, Moises M. Esquilin, and Cedric W. Morse.

      **D.**      "TSI Opt-in Plaintiffs" means Steven M. Atkins, Robert H. Biggs, Kenneth

M. Bond, Christopher J. Boone, Claude Q. Brooks, Jr., Brandon T. Brown, Julian R.

Brown, James P. Byrd, Stephen A. Cashwell, Jacob C. Chandler, Michael A.

Dalessandro, Jeffrey E. Dancy, Robert O. Dent, Dwayntavius T. Eason, Michael

Edwards, Troy D. Eley, Joseph R. Fields, Louis Freeman, Stephen F. Friedel, Antoine

R. Highsmith, Calvin S. Hogan, Ricky L. Holloman, Naeem K. Hudson, Jason I.

Jackson, Dedric R. Johnson, Stanlee S. Jones, Jeremy L. Kidd, Avery M. Lawton, Bryan

Lundberg, Keddrick F. McIntosh, Shawn K. Mills, Michael C. Morris, Christopher W.

Mulhall, Lue D. Paige, Timothy M. Palmer, Jamal T. Perdue, Leander Perry, Nathan J.

Pope, Terry A. Reed, Jose D. G. Rodriguez, Anthony R. Roulhac, Sr., Gary B.

Satterfield, Ar-Rashid Shabazz, Cody J. Sykes, James M. Timmons, Travis Tucker,

Jeremiah A. Valentine, Charles A. Watson, Jr., Brandon L. Williams, Deangelo D.

Wright, and Kente D. Wright.

**E.**     "TSI Plaintiffs" means the TSI Named Plaintiffs and the TSI Opt-in Plaintiffs, collectively.

**F.**     "Defendants" are "Arise Scaffolding & Equipment Co., Inc." and "Tidewater Staffing, Inc."

**G.**     The "Released Parties" means Tidewater Staffing, Inc. ("TSI") and its current or former subsidiaries, affiliates, predecessors, successors, assigns, insurers, officers, directors, shareholders, associates, employees, former employees, attorneys, representatives and agents, but expressly excludes Arise Scaffolding & Equipment Co., Inc., and all of its affiliates, subsidiaries, officers, directors, and shareholders.

**H.**     The "Litigation" means *Tony L. Epps, et al. v. Arise Scaffolding & Equipment Co., Inc., et al.,* currently pending in the U.S. District Court for the Eastern District of Virginia (Norfolk Division), Civil Action No. 2:10cv189.

**I.**     The "District Court" means the U.S. District Court for the Eastern District of Virginia.

**J.**     "Final Approval" means that the Agreement has been finally approved by the District Court.

**K.**     The "FLSA" means the federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

**L.**     The "breach of contract claims" refer to the TSI Named Plaintiffs' individual claims for unpaid straight time pursuant to Virginia law.

**M.**     "Third Party Claims Administrator" or "Claims Administrator" shall mean an independent claims administrator selected by the Plaintiffs' attorney, subject to TSI's

approval, to administer the settlement fund including sending the Notice of Settlement and distributing the funds to TSI Plaintiffs.

## II.   CASE BACKGROUND

The original Named Plaintiffs, Tony L. Epps and James D. Reeves, filed this suit against Arise Scaffolding & Equipment Co., Inc. ("Arise Waco"), on behalf of themselves and all others similarly situated as a collective action under Section 216(b) of the FLSA. In their Complaint, filed in the United States District Court for the Eastern District of Virginia on April 27, 2010, the original Named Plaintiffs asserted claims against Arise Waco alleging that it violated the FLSA by not paying them for time worked: (1) at the start of each workday when they reported to the Arise Waco shop (or the Lowe's parking lot) in the morning until they arrived at their work destination (in most, but not all cases a ship in a shipyard), and (2) for time spent commuting back from the work destination (again, in most cases a ship at a shipyard) to the Arise Waco shop or the Lowe's parking lot.  The original Named Plaintiffs filed an Amended Complaint on May 18, 2010, adding five new Named Plaintiffs, Jermaine A. Williams, Anthony L. Briggs, Michael L. Taylor, Love N. Dexter, and Charles Edward Barrett, Jr., and adding TSI as a defendant.  In their Amended Complaint, the seven Named Plaintiffs asserted claims against both Arise Waco and TSI, alleging that they violated the FLSA by not paying them for time worked as described above. On July 24, 2010, the Named Plaintiffs filed a Second Amended Complaint adding an additional eighteen Named Plaintiffs.  Each new Named Plaintiff also asserted an individual breach of contract claim under Virginia law for unpaid straight time.  All claims pending against TSI in the Litigation are to be resolved by this Settlement.

The Defendants, Arise Waco and TSI, filed Answers to the Amended Complaint and Second Amended Complaints, denying many of the material allegations of the complaints, denying liability in any amount and for any reason to any of the Plaintiffs, and asserting a number of affirmative defenses.

On July 11, 2010, the Named Plaintiffs filed their Motion for Conditional Certification of a collective action for unpaid overtime under the FLSA.  Pursuant to the parties' stipulation, on July 29, 2010, the District Court conditionally certified a collective action under the FLSA "for the purpose of sending notice to class members."  The District Court made no findings that any of the Named Plaintiffs or other employees of Arise Waco and/or TSI are or were similarly situated.  Notice of the pendency of the action was sent by counsel to approximately 200 eligible employees of Arise Waco and TSI and approximately 60 consents (or opt-ins) to join the collective action ultimately were filed with the District Court.

On December 14, 2010, Defendant Arise Waco filed a Motion for Partial Summary Judgment in which it asked for summary judgment on 1) the claims of individuals employed solely as erectors (as opposed to as drivers or foremen), 2) the plaintiffs' allegation that Arise Waco's violations of the FLSA were willful and 3) the plaintiffs' allegations that Arise Waco's violations were not in "good faith."  On December 22, 2010, TSI filed a motion for partial summary judgment joining in Arise Waco's motion for partial summary judgment and asking for summary judgment on liability asserting that it had no notice – either actual or constructive – of the FLSA violations.

On January 4, 2011, the plaintiffs filed a memorandum in opposition to Arise Waco's Motion for Partial Summary Judgment and on January 10, 2011, Arise Waco filed its reply memorandum.  On January 5, 2011, the plaintiffs filed a memorandum in opposition to TSI's Motion for Partial Summary Judgment, and on January 11, 2011, TSI filed its reply memorandum.

On January 10, 2011, TSI filed a Motion to Decertify Class, to which the plaintiffs responded on January 24, 2011.  In addition, TSI filed a Motion to Dismiss the pending state law claims or, alternatively, to bifurcate the trial of the state law claims and the federal FLSA claims.  The plaintiffs responded to that motion on January 24, 2011.

On January 18, 2011, TSI filed a second motion to bifurcate, requesting that the court bifurcate the issues of liability and damages at trial.  On January 24, 2011, Arise Waco filed a memorandum in support of TSI's motion to decertify and in support of TSI's second motion to bifurcate.

Extensive discovery has been conducted in his case, allowing both sides to evaluate fully the merits of the claims and defenses as to which this Settlement has been reached.  Plaintiffs have propounded interrogatories to Arise Waco and numerous document requests on both defendants.  Defendants have propounded numerous interrogatories and document requests to Plaintiffs.  The defendants have taken the depositions of thirteen of the Named Plaintiffs and eleven of the opt-in Plaintiffs.  The plaintiffs have taken the depositions of numerous witnesses, including the Rule 30(b)(6) corporate designees of both Arise Waco and TSI.  As a result, the parties are fully informed of the positions of one another and are sufficiently knowledgeable concerning the likely evidence at trial so as to be able to resolve certain issues in this Litigation on

terms the parties believe to be fair and reasonable.  Because TSI and the TSI Plaintiffs reached a preliminary settlement of this matter subject to the District Court's approval, TSI agreed to withdraw its pending motions.  However, if this Settlement Agreement is not approved by the District Court, TSI reserves the right to reassert the motions it has filed.

### III.   <u>JURISDICTION</u>

The District Court has jurisdiction over the parties and the subject matter of the Litigation. If the Settlement is approved, the District Court will retain jurisdiction of this action with respect to the claims against TSI, all of which are resolved by this Settlement, solely for the purpose of interpreting, implementing, and enforcing this Agreement consistent with the terms herein and with respect to the remaining claims.

### IV.   <u>PURPOSE, BENEFITS AND LIMIT OF SETTLEMENT</u>

Although no party abandons any position taken in the Litigation, the parties believe that continued litigation with respect to the issues resolved by this Settlement would be protracted, expensive, uncertain, and contrary to their best interests.  Thus, the parties believe that this Settlement is in the best interest of all parties, and is a fair and appropriate resolution of these issues.

It is expressly understood by and between TSI and the TSI Plaintiffs that nothing contained in this Settlement Agreement shall constitute or suggest a waiver by TSI of any claims TSI may have against Defendant Arise Waco and that TSI specifically reserves the right to pursue Defendant Arise Waco for any and all claims TSI may have against Arise Waco, regardless of whether any such claims are associated with the Litigation.

## V.   CERTIFICATION OF SETTLEMENT CLASS

For purposes of this Settlement only, the parties agree to collective action treatment with respect to the FLSA claims of the TSI Plaintiffs for the limited purpose of resolving any claim to unpaid overtime compensation or to compensation related to calculation of the regular rate of compensation at any time prior to the date of Final Approval of this Settlement.  The parties' agreement regarding collective action treatment is expressly subject to the limitations set out in this Agreement.

## VI.   THE SETTLEMENT FUND

The total amount to be paid by TSI in settlement of the claims resolved by this Agreement is $365,000.00.  Of this amount, $155,360.00 will be paid directly to Christian L. Connell, as attorney for the TSI Plaintiffs, of which $146,000 constitutes attorney's fees, and $9,360.00 constitutes costs incurred by plaintiffs' counsel.  The remaining $209,640.00 shall constitute the Settlement Fund ("the Settlement Fund"). The only amount which TSI agrees to pay that is not included in the $365,000.00 is an additional amount representing the employer's share of any federal or state mandated payroll taxes, such as FICA and FUTA, arising from the distribution of the Settlement Fund to the TSI Plaintiffs.

## VII.   STATEMENT OF NO ADMISSION

**A.**      **Denial of Liability**.  TSI denies liability to the TSI Plaintiffs upon any claim, cause of action, and factual or legal theory.  TSI has vigorously defended against the TSI Plaintiffs' claims in the Litigation, and continues to assert that if this case were to proceed to trial and/or appeal, it would prevail.

**B.**     <u>No Admission</u>.  This Agreement is not intended to constitute, and does

not in fact constitute, any admission by TSI as to the merits, validity, or accuracy of any

of the allegations or claims made against it in the Litigation.

**C.**     <u>No Use as Evidence of Violation</u>.  Nothing in this Agreement nor any

action taken in the implementation of this Agreement is intended by the parties to, nor

will any of the foregoing constitute, be introduced, be used, or be admissible in any way

in this case or in any other judicial, arbitral, administrative, investigative, or other form of

proceeding as evidence of any violation of any federal, state, or local law, statute,

ordinance, regulation, rule, or executive order, or any obligation or duty at law or in

equity.  Notwithstanding the foregoing, the Agreement may be used in any proceeding

in the District Court that has as its purpose the interpretation, implementation, or

enforcement of the Agreement or any orders or judgments of the District Court entered

in connection therewith.

**D.**     <u>No Admission Regarding Class Certification</u>.  The parties agree that

FLSA collective action treatment pursuant to the terms of this Agreement is for

settlement purposes only.  Nothing in this Agreement shall be construed as an

admission or acknowledgement of any kind that any class should be given collective

action treatment in the Litigation or in any other action or proceeding.  Further, neither

this Agreement nor the District Court's actions with regard to this Agreement shall be

admissible in any court or other tribunal regarding the propriety of collective action

treatment.  In the event that this Agreement is not approved by the District Court or any

appellate court, or otherwise fails to be effective and enforceable or is terminated, TSI

shall not be deemed to have waived, limited, or affected in any way any of its objections

or defenses in the Litigation, including, but not limited to, its objections and defenses to FLSA collective action treatment.

### VIII.    RELEASE, COVENANT NOT TO SUE, AND DISMISSAL

A.    **Release and Covenant Not to Sue**.  For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the TSI Plaintiffs, individually and in their representative class capacity, for themselves and their heirs, successors, assigns, personal representatives, executors, legal representatives, spouses, agents, and attorneys, do hereby release and discharge the Released Parties from any and all claims, rights, demands, charges, complaints, causes of action, obligations, or liability of any and every kind (including any and all claims or demands for attorneys' fees and costs), which arise out of the alleged facts, circumstances and occurrences underlying the claims which were asserted in the Litigation, whether known or unknown, whether based upon the FLSA or any other state wage and hour law, any federal, state, or local statute, rule, regulation, order, or law, or any federal, state, or local common law at any time up to and including the date of Final Approval, except as follows:

1.    The TSI Opt-in Plaintiffs do not release any claim to compensation for unpaid straight time under state law; and

2.    The TSI Plaintiffs do not release any claim to future attorneys' fees and costs related to issues or claims not covered by this Settlement.

The TSI Plaintiffs further covenant not to sue the Released Parties for any and all claims released by this paragraph of the Agreement.  Additionally, the TSI Plaintiffs covenant not to make any claim against the Released Parties for any amount any of

them claim to be owed by Defendant Arise Waco and, further, the TSI Plaintiffs

covenant not to attempt to collect from the Released Parties any sums they claim to be

owed by Arise Waco arising out of any of the claims or events associated with the

Litigation.  The TSI Plaintiffs specifically acknowledge and agree that in the event and to

the extent that any of them are owed any sum of money by Arise Waco, whether as a

result of a judgment being entered in their favor against Arise Waco or otherwise, the

Released Parties are not nor will they ever be liable to them for any such sum, and the

TSI Plaintiffs will not attempt to pursue any collection effort for any such sum against the

Released Parties.

B.  **Scope of Release**.  Plaintiffs understand and agree that this release is a

full and final release applying to both those claims that are (1) currently known,

anticipated, or disclosed to TSI Named Plaintiffs and (2) those claims that are presently

unknown, unanticipated, and undisclosed to any and all TSI Plaintiffs which arise out of

the alleged facts, circumstances and occurrences underlying the claims asserted in the

Litigation except as expressly set forth in Section VIII.A.1., 2., and 3. of this Agreement.

C.  **Dismissal**.  Upon Final Approval and the deposit of $209,640.00 into a

Qualified Settlement Fund ("QSF") Account to be administered by the Third Party

Claims Administrator as provided in Section XI. below and the payment to plaintiff's

counsel of $155,360.00, TSI will be dismissed with prejudice from the Litigation.  The

TSI Plaintiffs acknowledge that this Agreement is contingent upon Final Approval and

such dismissal.

## IX.   TIME PERIOD COVERED BY SETTLEMENT

The Settlement covers any and all claims within the scope of the release set forth in paragraph VIII. above up to and including the date of Final Approval.

## X.   APPROVAL PROCESS

Promptly after execution of this Agreement, the parties shall file a joint motion for approval of the Settlement, including submittal of this Agreement.  The parties shall seek an expeditious hearing on the joint motion for approval, consistent with the District Court's docket and the schedules of counsel, for the purpose of determining whether the Settlement is fair, adequate, and reasonable, to consider objections, and to obtain Final Approval to the Settlement, if appropriate.  If the District Court gives Final Approval to the Settlement, or approves the Settlement subject to conditions or modifications acceptable to both parties, the District Court shall dismiss TSI from the Litigation with prejudice.

If the District Court does not approve the Settlement or approves the Settlement, but subject to conditions or modifications which are not acceptable to TSI and/or the TSI Plaintiffs, the parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both TSI and the TSI Plaintiffs and to the District Court.

## XI.   DISTRIBUTION OF MONETARY RELIEF

A.   **Eligibility**.  The following former employees of Tidewater Staffing, Inc., who were assigned to work for Arise Scaffolding & Equipment Co., Inc in Portsmouth, Virginia at some time on or after April 27, 2007 shall be eligible to participate in the distribution of monetary relief as described in this Section XI:  James D. Reeves,

Anthony L. Briggs, Love N. Dexter, Andre Jerome Hoggard, Allen L. Dudley, Jeremy J.

Triplett, Gregory A. Wright, Marquel J. Winbourne, Henry M. Boone, Joshua E. King,

Leon Hayes, Jr., as Administrator for Leon Hayes, III, Darae E. Council, Troy J.

Stephens, Azaza M. Hudson, Antwone M. Wright, Moises M. Esquilin, Cedric W. Morse,

Steven M. Atkins, Robert H. Biggs, Kenneth M. Bond, Christopher J. Boone, Claude Q.

Brooks, Jr., Brandon T. Brown, Julian R. Brown, James P. Byrd, Stephen A. Cashwell,

Jacob C. Chandler, Michael A. Dalessandro, Jeffrey E. Dancy, Robert O. Dent,

Dwayntavius T. Eason, Michael Edwards, Troy D. Eley, Joseph R. Fields, Louis

Freeman, Stephen F. Friedel, Antoine R. Highsmith, Calvin S. Hogan, Ricky L.

Holloman, Naeem K. Hudson, Jason I. Jackson, Dedric R. Johnson, Stanlee S. Jones,

Jeremy L. Kidd, Avery M. Lawton, Bryan Lundberg, Keddrick F. McIntosh, Shawn K.

Mills, Michael C. Morris, Christopher W. Mulhall, Lue D. Paige, Timothy M. Palmer,

Jamal T. Perdue, Leander Perry, Nathan J. Pope, Terry A. Reed, Jose D. G. Rodriguez,

Anthony R. Roulhac, Sr., Gary B. Satterfield, Ar-Rashid Shabazz, Cody J. Sykes,

James M. Timmons, Travis Tucker, Jeremiah A. Valentine, Charles A. Watson, Jr.,

Brandon L. Williams, Deangelo D. Wright, and Kente D. Wright.

     **B.**    **Third Party Claims Administrator.**  Plaintiffs' counsel will select a Third

Party Claims Administrator to handle all administrative functions related to sending

Notices, distribution of the Settlement Fund to TSI Plaintiffs and reporting and remitting

payments to taxing authorities. The Third Party Administrator will also advise Tidewater

Staffing, Inc. of its calculation of the employer's share of any federal or state mandated

payroll taxes applicable to such wage payments and Arise Waco will pay such

additional amount to the Third Party Administrator so that such amounts may be

remitted to the IRS or any relevant state taxing authority in a timely manner by the Third Party Administrator.  The selection of the Third Party Administrator will be subject to approval of Tidewater Staffing, Inc., which approval shall not be unreasonably withheld.  All expenses of the Third Party Administrator will be paid from the Settlement Fund.

C.     **Creation of Qualified Settlement Fund ("QSF") Account.**  Within 10 days after Final Approval by the District Court, the Third Party Claims Administrator will establish a Qualified Settlement Fund Account, obtain a unique Employer Identification Number pursuant to Internal Revenue Code §468B, establish a bank account for the Qualified Settlement Fund in a financial institution chosen by plaintiff's counsel, and thereafter perform all Trustee duties required for the operation of the Settlement Fund.  Within 20 days of Final Approval of the Settlement, Defendant TSI will deposit the Settlement Fund in the amount of $209,640.00 into the Qualified Settlement Fund Account.  The Third Party Claims Administrator will compute and deduct any tax withholdings and deductions required to be paid by any TSI Plaintiff, all of which shall be paid from the Settlement Fund.  The Claims Administrator will also be responsible for the electronic filing of the W -2 Forms for Plaintiffs, the 1120SF tax return for the Fund, and any other required tax filings related to such payments.  All interest earned on the Settlement Fund shall revert to the Fund.

D.     **Incentive Award.**

As one of the two original Named Plaintiffs and the only one who is also a TSI Plaintiff, James D. Reeves will be given an incentive award of $7,500.00, in consideration of his service to the class and his substantial efforts assisting counsel in achieving this settlement on behalf of the TSI Plaintiffs ("Incentive Award").  As the

Incentive Award does not constitute wages for work performed for TSI or for TSI's

benefit, James D. Reeves acknowledges and agrees that TSI shall not be liable for any

employer share of payroll taxes, such as FICA and FUTA, on the Incentive Award.

   **E.   Calculation of Amounts Due.**  The determination of eligibility and

calculation of the amounts due to each eligible employee shall be made by Plaintiffs'

counsel.  The Settlement Fund, minus the Incentive Award (see above) and costs of

administration of the Settlement ("The Net Settlement Amount"), will be distributed to

each TSI Plaintiff based upon a pro rata share (stated as a percentage), calculated as

follows:

   1.   Hypothetical damages for one and one half hours of unpaid work daily will

be calculated for each class member using actual work-weeks worked by that person

during the statute of limitations periods (for overtime hours under the FLSA, the period

from April 27, 2007 to May 14, 2010) beginning from when that individual either became

a Named Plaintiff or opted in to the Lawsuit, whichever occurred earlier*; and* for straight

time hours (only for those individuals who became TSI Named Plaintiffs), the period

from when the individual became a TSI Named Plaintiff until May 14, 2010, and an

actual hourly rate from the payroll records provided by TSI for that person.

   2.   A calculation will be made for each TSI Plaintiff of one and one half hours

of unpaid hours for each day worked during the weeks each was employed through TSI

at Arise Waco during the FLSA statute-of-limitations period as described in (1.).

Hypothetical unpaid overtime wages will be calculated for each TSI Plaintiff and

hypothetical unpaid straight time wages will be calculated for each TSI Named Plaintiff.

3.      Using this formula, the hypothetical "individual damages" of each TSI Plaintiff will be calculated.

4.      The hypothetical damages assessed for each TSI Plaintiff based on the above formula will be added together to calculate "total hypothetical damages."

5.      Each TSI Plaintiff's pro rata share (expressed in percentage form) will be determined by calculating what percentage their individual hypothetical damages constitute of the total hypothetical damages.

6.      This pro rata share in percentage form for each class member is then used to calculate their actual share of the Net Settlement Amount.

Plaintiffs' counsel will provide the calculations showing the amounts to be disbursed to all TSI Plaintiffs to TSI within 10 days of the date of the Final Approval by the District Court.

The Third Party Administrator shall make payment to each eligible TSI Plaintiff in accordance with such calculations within 45 days of the date of Final Approval as well as paying to James D. Reeves the Incentive Award as described above.

**F.      Classification of Payments for Tax Purposes.**  With the exception of the Incentive Award described above, TSI and the TSI Plaintiffs agree that 100% of the payments made to each eligible TSI Plaintiff shall be classified as wages (which shall be subject to all applicable deductions and withholding, and which shall be reported on Form W-2), and no amount shall be classified as liquidated damages.

**G.      Endorsement.**  The check(s) distributed to each TSI Plaintiff who is eligible to receive monetary relief under the terms of this Agreement shall bear the following statement, displayed prominently under the endorsement portion of the check:

"Endorsement, deposit, or negotiation of this check constitutes your acknowledgement that you are bound by the court-approved Settlement in the Litigation against Tidewater Staffing, Inc., including without limitation the release provisions of Section VIII A. of the "Settlement Agreement."  No TSI Plaintiff may alter or modify such endorsement language, and payment is expressly conditioned upon the TSI Plaintiff endorsing the check subject to such language.  Failure of any TSI Plaintiff to endorse or negotiate the check(s) distributed to any such TSI Plaintiff pursuant to this Agreement shall not in any way relieve any TSI Plaintiff of that TSI Plaintiff's obligations under this Agreement.

      **H.**    **Undeliverable Payments.**  In the event that any payments are returned as undeliverable, Plaintiffs' counsel shall notify TSI's counsel of the identity of such persons.  TSI shall provide Social Security numbers for such persons in order to allow Plaintiffs' counsel to utilize a commercial database to attempt to obtain a more current address and re-mail the payment to such persons.  Any payment checks which have not been cashed within 180 days of the original mailing by the Third Party Administrator shall no longer be valid. In the event that any TSI Plaintiff cannot be located through reasonable efforts by the Claims Administrator or there are any monies left unclaimed in the Settlement Fund account, including any accrued interest, such amounts shall be forwarded to plaintiff's counsel and shall constitute additional attorney's fees.

      **I.**    **No Liability for Errors.**  Neither TSI Plaintiffs nor their counsel, and neither Defendant TSI nor its counsel, will be liable for any errors of computations or errors in the distribution or administration of the Settlement Fund.

## XII.   ATTORNEYS' FEES AND COSTS

**A.   Attorneys' Fees and Costs.**  In connection with seeking Final Approval, Plaintiffs' counsel will seek approval of an attorneys' fee award in the total amount of $146,000.00, which represents 40% of the settlement to be paid by the Defendant TSI, as well as costs of $9,360.00.  Additionally, the Third Party Administrator costs in the amount of $11,995.00 will be paid from the TSI Plaintiffs' portion of the Settlement Fund.  Defendant TSI will not object to Plaintiffs' counsel seeking the approval of the aforementioned attorneys' fees and costs.

**B.   Partial Payment.** The payment of attorneys' fees and costs as set out herein shall constitute partial payment with respect to the representation of TSI Plaintiffs in the Litigation by Plaintiffs' counsel with respect to the issues resolved by this Settlement Agreement and for any future representation related to the applications for Final Approval of this Settlement Agreement.

## XIII.   DISTRICT COURT APPROVAL

This Settlement is contingent upon: (1) Final Approval of this Agreement by the District Court, or if the District Court orders modifications to this Agreement, such modified Agreement, so long as such modifications are agreeable to TSI and the TSI Plaintiffs; and (2) dismissal with prejudice of all claims in the Litigation against TSI.

In the event of an appeal of the District Court's Final Approval of this Agreement, the Agreement shall remain contingent until the final resolution of any and all appeals. The parties shall take all steps as may be reasonably necessary to secure approval of the Agreement, to the extent not inconsistent with the terms of this Agreement, and they

shall not take any action adverse to each other in obtaining approval by the District

Court, and if necessary, appellate approval of the Agreement in all respects.

### XIV.   **MISCELLANEOUS PROVISIONS**

**A.**   **Authority.**  Plaintiffs' counsel represents that he is authorized to negotiate

and execute this Agreement on behalf of the TSI Plaintiffs.  Counsel for Defendant TSI

represents that they are authorized to negotiate and execute this Agreement on behalf

of Tidewater Staffing, Inc.  TSI also represents and warrants that the person executing

this Agreement on its behalf has full authority to bind TSI to each and every term of this

Agreement and that the Agreement has been duly authorized by TSI including, where

required, by appropriate action of the officers, directors, managers, and/or shareholders.

**B.**   **Interpretation of the Agreement.**  The Agreement shall be interpreted

and enforced under the laws of the Commonwealth of Virginia without regard to its

conflict of laws or choice of law provisions.  Any claim arising out of or relating to the

Agreement, or the subject matter hereof, shall be resolved solely and exclusively in

Norfolk Division of the United States District Court for the Eastern District of Virginia,

and the parties hereby consent to the personal jurisdiction of the District Court in

connection therewith.  The parties to this Agreement participated jointly in the

negotiation and preparation of the Agreement.  Accordingly, the parties agree that no

rule of construction shall apply against any party or in favor of any party, and any

uncertainty or ambiguity shall not be interpreted by any rule of construction against one

party or in favor of the other.  The use of the term "Section" herein refers to the specific

section number identified or, where appropriate, the subsections thereunder.

**C.**     __Enforcement__.

Should it become necessary for any party to initiate legal action to enforce the terms of this Agreement, the party substantially prevailing in any such enforcement effort shall be entitled to recover from the party against whom enforcement was sought his or its reasonable attorneys' fees and costs of enforcement.

**D.**     __Final Agreement__.   This Agreement constitutes the entire agreement between the parties with respect to the resolution of the Litigation and supersedes all prior representations, understandings, and agreements of the parties with respect thereto.  The TSI Plaintiffs and Defendant TSI enter into this Agreement based solely upon its terms and not in reliance upon any representations or promises other than those contained in this Agreement.  This Agreement may be modified only by a writing signed by the parties hereto and approved by the District Court.

**E.**     __Counterparts__.  The Agreement may be executed in one or more actual or telecopied counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

DATED: March 8, 2011.


_____
Christian L. Connell
Christian L. Connell, P.C.
Attorney for the TSI Plaintiffs


_____
Mark E. Prock, President
Tidewater Staffing, Inc.

DATED: March 14, 2011.

_Christian Connell_
Christian L. Connell
Christian L. Connell, P.C.
Attorney for the TSI Plaintiffs


_____
Mark E. Prock, President
Tidewater Staffing, Inc.