IN THE UNITED SATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TONY L. EPPS, JAMES D. REEVES, et al

Plaintiffs,

v.                                                          CIVIL ACTION NO.: 2:10cv189

ARISE SCAFFOLDING & EQUIPMENT INC.,
d/b/a Arise Waco Scaffolding & Equipment Company,
and TIDEWATER STAFFING, INC.,

Defendants.

**DEFENDANT ARISE SCAFFOLDING & EQUIPMENT INC.'S
RESPONSE TO PLAINTIFFS' OBJECTION TO THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

The District Court should affirm the Magistrate Judge's recommendation that no reasonable

juror could find for the Plaintiffs on the question of willfulness. Plaintiffs' Objection focuses

entirely on their view that the Magistrate Judge "overlooked" the facts in the *liability* section of their

Opposition to Summary Judgment when making his recommendation on willfulness and that such

"overlooked" facts somehow support a finding of willfulness. That the Magistrate Judge did not

"overlook" these facts is apparent from even a cursory review of the Report; as set forth below, the

Magistrate Judge's recommendation should be adopted as to Waco's lack of willfulness.[1]

---

[1] Further, and as detailed in Waco's Brief in Support of Motion for Partial Summary Judgment
and its Objections to Magistrate Judge's Report and Recommendation, this Court also should
find that Waco acted in good faith with respect to payment of Erectors, such that liquidated
damages are removed from consideration. Waco Objections, pp. 6-7. Waco also notes its
disagreement with Plaintiffs' assertion in their Objection's footnote 1 that the willfulness ruling
applies only to individuals who were "solely" Erectors, to the extent this implies that Foremen
and Drivers never worked Erector-only shifts. On days when Foremen and Drivers worked
exclusively as Erectors, which happened frequently, the Magistrate Judge's analysis and
recommendation regarding willfulness apply to them with equal force.

As an initial matter, Plaintiffs expressly responded to Waco's Summary Judgment argument on willfulness in a labeled section of their Opposition. That section failed to reference any of the points Plaintiffs now say support a finding that Waco acted willfully. Instead, Plaintiffs advanced only one argument on willfulness and/or good faith – that other area scaffolding companies allegedly compensate their employees for travel time. The Report correctly notes that Plaintiffs *did not advance any proof that Waco knew* of these competitors' alleged pay practices, and, importantly, nothing in Plaintiffs' Objection challenges this critical fact in any way (Report, p. 22).

Recognizing the futility of the willfulness argument in their Opposition, Plaintiffs now claim that Waco's conduct was willful because (a) Waco "required" Plaintiffs to report to their shop in the mornings before travel; (b) Plaintiffs complained about their uncompensated travel; and (c) Plaintiffs performed work and/or waited to work upon arriving at the shop in the morning, before beginning travel. None of these facts, *all of which were already considered by the Magistrate Judge* in his finding as to potential travel time compensability (*see* Report, pp. 23-3), undermines the correctness of the Report's conclusion that Waco's conduct was not willful, as a matter of law. Plaintiffs' burden to prove willfulness is not about facts going to compensability of travel time; it is about whether Waco "knew or showed reckless disregard for whether its conduct was prohibited" (Report, pp. 20-21, citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29 (1985)). Where, as here, "the caselaw is divided on the question of whether travel time is compensable on similar facts," Plaintiffs cannot meet their burden by merely restating liability arguments that can go either way under pertinent caselaw and asserting that they demonstrate willfulness (Report, p. 23). Rather, Plaintiffs must prove facts showing Waco's reckless disregard for its FLSA obligations. Plaintiffs' liability facts did not prove such disregard in their Opposition, and they do not do so in their Objection.

1.   *Any requirement to report to Waco before commencing travel time does not demonstrate willfulness.*

First, while Waco conceded for purposes of Summary Judgment (Undisputed Fact 7)[2] that it required Plaintiffs to report to the shop before travel, and the Magistrate Judge also credited reporting for work as a requirement (Report, pp. 4 and 13), the Report correctly notes that this fact is not dispositive of travel time compensability (Report, p. 13: "This collective commute is, by itself, insufficient to render their travel time compensable," citing *Smith v. Aztec Well Servicing, Inc.*, 462 F.3d 1274, 1288 (10th Cir. 2006) and *Ralph v. Tidewater Construction Corp.*, 301 F.2d 806, 808 (4th Cir. 1966)); *see also, Smith* at 1288-89 (travel time that is not integral and indispensible to principal activities, even where mandatory, is non-compensable). Given the utterly non-dispositive nature of mandatory reporting for FLSA payment purposes, it is not clear to Waco exactly why Plaintiffs believe the mere fact of mandatory reporting amounts to a demonstration of willfulness. Indeed, Plaintiffs' failure to tie either case authority or Waco's pay practice to the conceded "fact" of mandatory reporting supports the Magistrate Judge's finding that Waco's conduct was not willful.

2.   *Employee complaints to Waco regarding travel time do not demonstrate willfulness.*

Plaintiffs next quote the testimony of Brandon Moffitt that various Erectors complained to him and a supervisor, Eugene Weakland, about their compensable time beginning at the jobsite instead of the Waco yard (Objection 4-5). Again, it is not clear why Plaintiffs believe this demonstrates Waco's willfulness. As noted by the Magistrate Judge, the caselaw "on similar facts

---

[2]  While not relevant at the Summary Judgment stage or in this Response to Plaintiffs' Objection, although Waco conceded a reporting requirement for purposes of summary judgment, substantial record evidence demonstrates that some Plaintiffs drove themselves directly to their jobsites, and Paul Zimmerman testified in deposition that he did not require employees to report to work before travel to jobsites.

is divided" (Report, p. 23).   Thus, it is perhaps one of the least surprising facts imaginable that various Erectors disagreed with Waco on this point and complained about it.

Waco's knowledge that some employees disagreed with the Company on this issue demonstrates only that – knowledge of disagreement.   No complaint changed Waco's position, because Waco *did not believe that its position was unlawful* (Report, 23:   "Waco has submitted evidence demonstrating that management believed it was paying Erectors for time spent performing the duties of their job, namely, scaffolding work.   (Zimmerman Dep., ECF No. 119-2, Ex. I; Weakland Dep., ECF No. 119-2, Ex. J; Zimmerman Dec., ECF No. 119-2, Ex. K).   Waco never refused to pay employees for time worked.   (Weakland Dep., ECF No. 119-2, Ex. J)).   If anything, this fact supports Waco's position that it believed, in good faith, that its pay practices for Erectors were lawful – not the reverse.[3]

3.   *Any waiting or work activity performed by Plaintiffs at the Waco yard before commencing travel goes to liability, not willfulness.*

The best place to start any analysis of Waco's alleged willfulness based on preparatory time is with the Magistrate Judge's astute observation that, even if Waco had known of its competitors' travel pay practices, "*[g]iven the fact intensive inquiry necessary to determine whether Erectors' preparatory time is compensable*, knowledge of that fact alone would not necessarily prove a willful violation of the FLSA" (Report, p. 22, emphasis added).   The Report thus makes entirely clear that the Magistrate Judge recognized the fact-intensive inquiry as to Plaintiffs' preparatory time and that

---

[3] Indeed, under Plaintiffs' theory, it appears that whenever a disputed issue could go either way under the FLSA, any employer who does not choose the path more favorable to the employee is guilty of a willful violation of the FLSA.   This is not the law and would represent a gross perversion of the concepts of willfulness and good faith, which are intended to punish only willful non-compliance and an absence of good faith.   *See, generally, McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 132 (1988) (two-tier statute of limitations makes it "obvious that Congress intended to draw a significant distinction between ordinary violations and willful violations" of the FLSA).

such fact inquiry was *unavailing* as to willfulness.  Nonetheless, it is this alleged preparatory time that Plaintiffs now advance as evidence of Waco's willfulness.

On one hand, Plaintiffs claim essentially that they were "engaged to wait" at the Waco yard before commencing travel time (Objection 4-8).  Somewhat in tension with this argument, they reiterate that they sometimes loaded their protective gear and some scaffolding materials before departing the yard in the morning (Objection 8, 11).  Plaintiffs object to the Report in part because they believe that the Report "overlooks" these facts (Objection 2).  Quite the opposite is true; the Report directly credits these facts (Report, p. 4: "On arriving [at the yard], the Erectors generally had to wait for a period of time…workers would load the vans with their personal tools and safety equipment"; Report, p. 17:  "several plaintiffs testified that Erectors helped load incidental scaffolding material into the vans on a regular basis").  The Report even addresses a line of "wait time" cases that were not cited by Plaintiffs in their Opposition, further evidence that the Magistrate Judge gave Plaintiffs every reasonable inference in making his recommendation (Report, p. 16).  Indeed, the Report allocates pages 3 through 19 – the majority of its total analysis – to just these facts and their legal import.

Under these circumstances, Plaintiffs cannot accurately object that the Report "overlooks" facts as to preparatory activities, including waiting time.  Further, Plaintiffs cannot accurately object that the Magistrate Judge fails to consider the evidence in the light most favorable to the Plaintiffs (Report, p. 18:  "Waco's strongest argument against liability…is that these activities…were *de minimis*…viewing the evidence in the light most favorable to plaintiffs, this is not correct").

Plaintiffs' other criticism of the Report, that the Magistrate Judge impermissibly *weighed* the evidence (Objection 2), does not make much sense, either.  The Magistrate Judge necessarily weighed the evidence in determining whether a reasonable juror could or could not find for the

Erectors; the Magistrate Judge explicitly found that, if the evidence were viewed in the light most favorable to the Erectors, a reasonable juror *could* find for them. The Report contains no evidence that the Magistrate Judge impermissibly decided a raised question in favor of Waco on willfulness; rather, the Magistrate Judge properly found that a question had not been raised (Report, p. 23: "Erectors have proffered no evidence that Waco *intentionally* violated the FLSA...") (emphasis added).

What Plaintiffs appear really to be arguing is that the Magistrate Judge's recommendation that summary judgment be denied because a jury could possibly find that the Erectors, on certain days, engaged in compensable preparatory work, necessarily equates to evidence that Waco acted willfully.  Again, Plaintiffs' argument is unavailing because the Magistrate Judge, correctly, understands that this liability issue is without a clear answer in the caselaw or regulations.  Where, as here, the result can go either way, a finding of willful intention to violate the law is simply not possible.  *Thomas v. County of Fairfax,* 758 F. Supp. 353, 368 (E.D. Va. 1991) (ambiguity of regulations, closeness of question, and fact that no reported decisions addressed issue all factors supporting a finding that the defendant had a reasonable basis for believing it complied with the FLSA); *Muston v. MKI Sys., Inc.,* 951 F. Supp. 603, 613-14 (E.D. Va. 1997) (unresolved ambiguity in law as to employee classification supported position that employer's classification decision was objectively reasonable).[4]

---

[4] Indeed, if Plaintiffs really believed, as they now profess, that the compensability of travel time is a "slam dunk" for them, such that Waco must have intentionally violated the FLSA, in all likelihood they would have moved for summary judgment on liability.  That they did not highlights both the divided caselaw and the afterthought nature of the arguments for willfulness advanced by Plaintiffs in their Objection.

## CONCLUSION

Ultimately, Plaintiffs' reiteration of their liability arguments in their Objection does not meet their burden of demonstrating a fact question for a jury, as to willfulness.  Rather, Waco has conclusively met its burden of demonstrating that, given the facts known to it and the divided caselaw, a jury could find in only one way – against Plaintiffs – on willfulness.  Plaintiffs have the burden on willfulness; they declined, even in their Objection, to provide a point-by-point counter-argument to Waco's "ample evidence" as to its non-willful conduct (Report, pp. 22-23).  The Magistrate Judge therefore correctly concluded that, at the close of the evidence, Plaintiffs have not created a material question for the Court as to Waco's willfulness.

Respectfully submitted,
/s/  Scott W. Kezman
Scott W. Kezman
Virginia Bar No. 36831
Anna Richardson Smith
Virginia Bar No. 65867
*Counsel for Waco Equipment Co.*
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
Phone:  (757) 624-3000
Facsimile:  (757) 624-3169
swkezman@kaufcan.com
arsmith@kaufcan.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of March, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christian L. Connell
Christian L. Connell, P.C.
*Counsel for Plaintiffs*
555 East Main Street, Suite 1410
Norfolk, VA 23510
christian.connell@verizon.net

Christopher A. Abel
Dawn L. Serafine
*Counsel for Tidewater Staffing, Inc.*
TROUTMAN SANDERS LLP
150 West Main Street, Suite 1600
Norfolk, Virginia  23510
chris.abel@troutmansanders.com
dawn.serafine@troutmansanders.com

        /s/  Scott W. Kezman
        Scott W. Kezman
        Virginia Bar No. 36831
        Anna Richardson Smith
        Virginia Bar No. 65867
        *Counsel for Waco Equipment Co.*
        Kaufman & Canoles, P.C.
        150 West Main Street, Suite 2100
        Norfolk, Virginia 23510
        Phone:  (757) 624-3000
        Facsimile:  (757) 624-3169
        swkezman@kaufcan.com
        arsmith@kaufcan.com