UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division


FILED
APR 22 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

TONY L. EPPS, et al.,

    Plaintiffs,

v.                             CIVIL ACTION NO. 2:10cv189

ARISE SCAFFOLDING & EQUIPMENT, INC.,
d/b/a Arise Waco Scaffolding &
Equipment,

    Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the following motions: Motion for Partial Summary Judgment, filed by Arise Scaffolding & Equipment, Inc., d/b/a/ Arise Waco Scaffolding & Equipment, Inc. ("Waco"), on December 14, 2010; Motion to Decertify Class, filed by Tidewater Staffing, Inc. ("TSI") on January 10, 2011, and joined by Waco on January 24, 2011; and Motion to Bifurcate Issues of Liability and Damages, filed by TSI on January 18, 2011, and joined by Waco on January 24, 2011.[1] The matter was referred to a United States Magistrate Judge by Order of January 25, 2011, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned proposed

---

[1] TSI's motions were not before the magistrate judge, as TSI settled with the plaintiffs after filing its motions. Since Waco joined those motions, however, the magistrate judge considered them in formulating his proposed findings of fact and recommendations.

findings of fact, if applicable, and recommendations for the disposition of the motions.

The United States Magistrate Judge's Report and Recommendation ("Report and Recommendation") was filed on February 17, 2011. The magistrate judge recommended granting in part and denying in part the Motion for Partial Summary Judgment, denying the Motion to Decertify, and granting the Motion to Bifurcate Issues of Liability and Damages. By copy of the Report and Recommendation, the parties were advised of their right to file written objections thereto. On March 3, 2011, the court received Waco's Objections to the Report and Recommendation, ECF No. 159, and the plaintiffs' Objection to the Report and Recommendation, ECF No. 160. On March 17, 2011, Waco filed its Response to the plaintiffs' objection, ECF No. 164, and the plaintiffs filed their Response to Waco's objections, ECF No. 165.

The court, having examined the objections to the Report and Recommendation and having made de novo findings with respect thereto, does hereby adopt and approve in full the findings and recommendations -- including the material facts -- set forth in the Report and Recommendation of the United States Magistrate Judge filed February 17, 2011. Accordingly, the erector-plaintiffs are not entitled to a three-year statute of limitations on their claims, and, therefore, Waco's Motion for Partial Summary Judgment is **GRANTED** on

this ground. There is a genuine issue of material fact as regards the erector-plaintiffs' claims of liability, and, therefore, Waco's Motion for Partial Summary Judgment is **DENIED** on this ground. The Motion to Decertify Class is **DENIED**. The Motion to Bifurcate Issues of Liability and Damages is **GRANTED**. In addition, for the reasons set forth below, the court **DENIES** Waco's Motion for Partial Summary Judgment on the issue of liquidated damages.

### Liquidated Damages

Waco objects to the absence of a recommendation for the disposition of the Motion for Partial Summary Judgment on the issue of liquidated damages with respect to the erector-plaintiffs' unpaid overtime compensation claims. Waco's Objections 6. Waco is correct that it raised this issue in its Motion for Partial Summary Judgment, see, e.g., Mem. in Supp. of Mot. for Partial Summ. J. 20-23, ECF No. 119, and that the magistrate judge did not rule on it. The court now address whether Waco is entitled to summary judgment on the issue.

The court need not repeat the summary judgment standard, which is properly set forth in the Report and Recommendation. Rpt. 8-9, ECF No. 157. The Fair Labor Standards Act ("FLSA") "plainly envisions that liquidated damages in an amount equal to the unpaid overtime compensation are the norm for violations of § 7 of the Act." Mayhew v. Wells, 125 F.3d 216, 220 (4th Cir. 1997) (citing 29 U.S.C.

§ 216(b)). If an employer is found to have violated the FLSA overtime provisions, a court can only deny an award of liquidated damages if "the employer shows to the satisfaction of the court that the act or omission giving rise to [the lawsuit] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. If a court finds good faith and reasonable grounds, it "may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in [29 U.S.C. § 216]." Id. In other words, a court is not required to deny the plaintiff liquidated damages if the employer makes such a showing; the court is only released of its obligation to award liquidated damages. Id. Accordingly, even if the undisputed evidence demonstrates that Waco acted in good faith in classifying the erector-plaintiffs' commute time to the jobsite as non-compensable and that such a classification was objectively reasonable, Waco is not entitled to summary judgment denying the erector-plaintiffs liquidated damages. Rather, Waco would be entitled to summary judgment on the issue of good faith and reasonable grounds, and, in the event Waco is found liable for a violation of the FLSA, the court may decide whether to award no liquidated damages or award some other amount in addition to the compensatory award, though not exceeding "the amount specified in [29 U.S.C. § 216]." Id.

4

Waco has the "plain and substantial burden of persuading the court by proof" that classifying the erector-plaintiffs' commute time to the jobsite as non-compensable was "both in good faith and predicated upon such reasonable grounds that it would be unfair to impose upon [Waco] more than a compensatory verdict." Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 357 (4th Cir. 1994) (internal quotation marks and citations omitted). Waco argues that its decision was in subjective good faith. See, e.g., Mem. in Supp. of Mot. for Partial Summ. J. 20-21. Several undisputed facts support that claim. Paul Zimmerman, a Waco owner and former General Manager of the Portsmouth location, believed that the erectors were not on the clock before they arrived at the jobsites, and, therefore, were not entitled to any compensation for their commute. See Zimmerman Decl. ¶ 4, ECF No. 119-2 (attesting that Waco "does not pay its employees for the van ride time, in any of our locations, because the ride time to the jobsite does not require any scaffolding work on the part of the employees"); Zimmerman Dep. 168, ECF No. 119-2. Other persons in management also believed that Waco was properly paying erectors for the time they were performing their job. See Weakland Dep. 170-71, ECF No. 119-2. Additionally, the issue of whether the commute time is compensable arose in connection with Waco's operations in California, and, in that instance, Waco "negotiated with an employee union regarding compensation for

commute time identical to that at issue in this case[] [and] [t]he employees' union agrees that the time is strictly non-compensable travel time." Mem. in Supp. of Mot. for Partial Summ. J. 12.

Waco misapprehends the applicable standard in FLSA cases predicated on an employer's alleged failure to pay overtime compensation. Rather than proving subjective good faith, Waco must establish its objective good faith. See, e.g., Mayhew, 125 F.3d at 220 (reaffirming that "the good-faith prong requires an objective, not subjective, good faith" (citations omitted)). Accordingly, while management's avowed belief may show that Waco classified the commute time as non-compensable in subjective good faith, it does not establish that Waco's classification decision was made in objective good faith. See Burnley v. Short, 730 F.2d 136, 140 (4th Cir. 1984) (remarking that "an employer may not simply remain blissfully ignorant of FLSA requirements"). Similarly, although it is undisputed that Waco and a California union agreed that commute time to the jobsite was not compensable because no scaffolding work was done en route, Waco provides no insight into how it arrived at that position. See Roy v. Cnty. of Lexington, S.C., 141 F.3d 533, 548-49 (4th Cir. 1998) (finding that the employer's "consultation with counsel and ongoing modification of its compensation structure to accommodate changes in the Act provides adequate proof that it" acted in objective good faith); Brinkley-Obu, 36 F.3d at 357

(upholding finding of good faith where there was evidence that employer conducted studies to support its actions with respect to the plaintiff); Burnley, 730 F.2d at 140 (upholding finding of good faith where there was evidence that employer relied on newsletters to keep informed of FLSA coverage). The only evidence Waco offers to reveal the basis of its management's belief and its company position that the erector-plaintiffs' commute time was non-compensable is the fact that the erector-plaintiffs did not perform scaffolding work en route to the jobsite. This fact demonstrates that Waco's position was not capricious, but it does not prove that Waco made a good faith effort to comply with the FLSA in taking that position.

In Waco's Objections, it argues that "the same factors that support the Report's absence of willfulness determination support a finding that Waco acted in good faith." Waco's Objections 6. The Fourth Circuit indeed stated that "a jury's finding of non-willful behavior can provide an objective basis on which a judge could premise a finding of good faith." Brinkley-Obu, 36 F.3d at 357; see also Fowler v. Land Mgmt. Groupe, Inc., 978 F.2d 158, 163 (4th Cir. 1992). It recognizes this principle, however, in the context of cases in which there is at least some evidence in the record probative of good faith. See, e.g., Mayhew, 125 F.3d at 221 n.4; Brinkley-Obu, 36 F.3d at 357. The Fourth Circuit has never held that a district court must

find that an employer acted in good faith if there is no evidence in the record supporting a finding of willfulness. See Fowler, 978 F.2d at 163 (finding that the jury's determination of willfulness is not determinative of the issue of good faith); see also Muston v. MKI Systems, Inc., 951 F. Supp. 603, 613 (E.D. Va. 1997) (finding that "the limitations period determination in favor of [the employer] does not, by itself, compel the conclusion that [the employer] escapes liability for liquidated damages"), vacated on other grounds, 121 F.3d 699 (4th Cir. 1997) (unpublished table decision). Accordingly, the plaintiffs' failure to raise a genuine issue that Waco willfully violated the FLSA is not enough to find Waco met its "substantial burden of persuading the court by proof," Brinkley-Obu, 36 F.3d at 357 (emphasis added), that any violation of the FLSA was made in good faith.

Waco is not entitled to summary judgment on the issue of good faith. Since Waco must prove good faith in order to prevail on the issue of liquidated damages, the court need not reach the issue of whether the classification decision was predicated upon such reasonable grounds that it would be unfair to impose more than compensatory damages on Waco if it is found liable for a violation of the FLSA. See id.

The Clerk shall forward a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 22, 2011